# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
TOZZI, CELTNICKS and BURTON
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Sergeant MARCUS C. DANIELS**
**United States Army, Appellant**

ARMY 20140538

Headquarters, U.S. Army Alaska
David L. Conn, Military Judge
Colonel Tyler J. Harder, Staff Judge Advocate (pretrial)
Colonel Erik L. Christiansen, Staff Judge Advocate (post-trial)

For Appellant:  Lieutenant Colonel Charles Lozano, JA; Major Andres Vazquez, Jr., JA (on brief).

For Appellee:  Colonel Mark H. Sydenham, JA; Lieutenant Colonel A.G. Courie III, JA; Major Cormac M. Smith, JA; Captain Linda Chavez, JA (on brief).

8 December 2016

------------------------------------
SUMMARY DISPOSITION
------------------------------------

Per Curiam:

A military judge sitting as a special court-martial convicted appellant, pursuant to his pleas, of one specification of drunken operation of a vehicle and three specifications of service discrediting conduct when he misrepresented his rank on a credit union's employment verification form in violation of Articles 111 and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 911 and 934 (2006 Supp. V. 2012; 2012) [hereinafter UCMJ].  The military judge convicted appellant, contrary to his pleas, of six specifications of violating a general order in violation of Article 92, UCMJ. The military judge sentenced appellant to a bad-conduct discharge, confinement for 180 days, and to be reduced to the grade of E-1.  The convening authority approved the adjudged sentence.

This case is before us for review pursuant to Article 66, UCMJ.  Appellate defense counsel assigns two errors to this court: appellant alleges his defense

counsel was ineffective regarding submission of Rule for Courts-Martial 1105 matters and excessive post-trial delay. We will defer ruling on these issues as well as matters appellant has raised pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982).

After appellant was convicted, his defense counsel was transitioning out of the Army. Appellant released his assigned counsel and was assigned new defense counsel for post-trial matters. The newly assigned defense counsel submitted post-trial matters and clemency matters on behalf of appellant, which consisted of a memorandum with two enclosures: Memorandum for Record (MFR), dated 25 June 2015, and a DCAP Form 6 (Detail and Release of Military Defense Counsel).

Appellant claims he suffered prejudicial error because of the contents of the MFR. "Effective assistance of counsel is especially important during the post-trial phase because it is the accused's best hope for post-trial relief." *United States* v. *Howard*, 47 M.J. 104, 106 (C.A.A.F. 1997) (citations omitted). To ensure appellant receives his "best hope for post-trial relief," we set aside the action and return the record of trial for a new staff judge advocate recommendation and action by a different convening authority. Additionally, the MFR dated 25 June 2015 will not be presented to this new convening authority unless appellant consents to its use.

## CONCLUSION

The action of the convening authority dated 17 July 2015, is set aside. The record of trial is returned to The Judge Advocate General for a new staff judge advocate recommendation and action by a different convening authority in accordance with Article 60(c)-(e). The new convening authority will not consider the MFR dated 25 June 2015 without appellant's consent.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court